# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| **KERRY CHRISTINE JOHNSTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **U.S. BANK TRUST NATIONAL** | § | **Civil Action No. 3:22-cv-000286** |
| **ASSOCIATION, NOT IN ITS** | § | |
| **INDIVIDUAL CAPACITY BUT SOLELY** | § | |
| **AS OWNER TRUSTEE FOR VRMTG** | § | |
| **ASSET TRUST,** | § | |
| | § | |
| **Defendant.** | § | |

## DEFENDANT U.S. BANK N.A., AS TRUSTEE'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), Defendant U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust ("U.S. Bank" or "Defendant") files this notice of the removal of this action from the 10th Judicial District Court of Galveston County, Texas. Defendant respectfully shows as follows:

## SUMMARY

1.      On or about June 13, 2022, Plaintiff Kerry Christine Johnston ("Johnston" or "Plaintiff") filed her *Original Petition and Request for Disclosures* (the "Petition") bearing Cause No. 22-DCV-1057 in the 10th Judicial District Court of Galveston County, Texas, in the matter styled *Kerry Christine Johnston v. U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust.* (the "State Court Action").

2.      The allegations in the Petition relate to foreclosure proceedings on Plaintiffs' real property and improvements located at 2214 Mission Street, Kemah, Texas 77565 (the

"Property").[1]   (*See* Petition at ¶ 7.) In the Petition, Plaintiff alleges that Defendant wrongfully foreclosed on her home without providing her any type of notice. (*See* Petition at ¶ 13.) Plaintiff asserted claims against Defendant U.S. Bank for wrongful foreclosure, breach of contract, and declaratory judgment that the foreclosure sale was wrongful because Defendant violated the notice sale and notice default statute (*See* Petition at ¶¶ 15-42). Plaintiff also seeks actual and exemplary damages, attorneys' fees, cost of court, and pre-judgment and post-judgment interest. (*See id.* at Prayer.)

3.      The citation issued for *Plaintiff's Original Petition* was issued on June 14, 2022. (*See* Exhibits B, B-2) The citation did not properly identify Defendant in their capacity as trustee. but instead identified them only as "U.S. Bank Trust National Association". (*See id.*) On July 25, 2022, Plaintiff filed a motion for default judgment against Defendant based on Defendant's failure to answer. (*See* Exhibits B, B-3) On July 28, 2022, the Court entered a Final Default Judgment setting aside the foreclosure sale. (*See* Exhibits B, B-4)

4.      A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as **Exhibit A**. In accordance with 28 U.S.C. Section 1446(a), copies of all process, pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of **Exhibit B.**

5.      This Notice of Removal is timely because thirty (30) days have not expired since Defendant appeared in this action, making removal proper in accordance with 28 U.S.C. Section 1446(b).

6.      This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred

---

[1] The Galveston Country Central Appraisal District has the property address listed as 2214 Mission St. League City, Texas, 77565.

by 28 U.S.C. Section 1332.

## **BASIS FOR REMOVAL – DIVERSITY JURISDICTION**

**A.      There is diversity between the parties.**

7.      Removal of the State Court Action to this Court is proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because there is complete diversity between the parties and the amount in controversy is well in excess of $75,000.00 exclusive of interest and costs.

8.      Plaintiff is an individual and citizen of the state of Texas. (*See* Petition ¶ 3).

9.      U.S. Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank's main office is in Delaware. Therefore, U.S. Bank is a citizen of Delaware for diversity purposes.

**C.      The amount in controversy exceeds $75,000.00.**

10.      When declaratory or injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Leininger v. Leininger*,

---

705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

11.     "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.'" *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted).

12.     Plaintiff seeks possession of the Property. (*See* Petition at Prayer). Therefore, through her request for a declaratory judgment, he has put an amount in controversy equal to the value of the Property. The Galveston County Central Appraisal District's most recent valuation of the Property shows a total assessed value of the Property at $554,202. (*See* Exhibits C, C-1). For this reason alone, the amount in controversy exceeds $75,000.00.

## VENUE

13.     Venue for removal is proper in this district and division, the United States District Court for the Southern District of Texas, Galveston Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 10th District Court, Galveston County, Texas, the forum in which the removed action was pending.

## NOTICE

14.     Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of the Court for the 10th District Court, Galveston County, Texas.

15.     The contents of **Exhibit B** constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:  _/s/ Mark D. Cronenwett_
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District Bar No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT U.S.
BANK TRUST NATIONAL ASSOCIATION,
NOT IN ITS INDIVIDUAL CAPACITY BUT
SOLELY AS TRUSTEE FOR VRMTG
ASSET TRUST**

## <u>List of all Counsel of Record</u>

<u>For Plaintiff Kerry Christine Johnston</u>

Sheroo Bhagia
Texas Bar No. 24042916
Bhagia Law Firm
2622 Carlow Drive
Austin, Texas 78745-4300
(512) 270-0531 – tel.
(866) 306 – 1477 – fax.
sbhagia@bhagialawfirm.com

<u>For U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust</u>

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 - Facsimile
mcronenwett@mwzmlaw.com

## <u>INDEX OF DOCUMENTS ATTACHED</u>

Exhibit A     Copy of the Docket Sheet for Cause No. 22-DCV-1057 in the 10th District Court, Galveston County, Texas;

Exhibit B     Pleadings in Cause No. 22-DCV-1057 in the 10th District Court, Galveston County, Texas;

      B-1     Original Petition and Request for Disclosures, June 13, 2022;

      B-2     Issued Citation for Defendant U.S. Bank Trust National Association, not in its Individual Capacity but Solely as Owner Trustee for VRMTG Asset Trust, June 14, 2022;

      B-3     Plaintiff's Motion for Default Judgment, July 25, 2022;

      B-4     Final Default Judgment, July 28, 2022;

      B-5     Defendant U.S. Bank N.A., as Trustee's Original Answer, August 10, 2022;

Exhibit C     Declaration of Mark D. Cronenwett; and

      C-1     Print out from the Galveston County, Central Appraisal District web-site, August 10, 2022.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 11, 2022, a true and correct copy of the foregoing was served in the manner described below on the following:

***Via Regular United States Mail***
Sheroo Bhagia
Texas Bar No. 24042916
Bhagia Law Firm
2622 Carlow Drive
Austin, Texas 78745-4300
(512) 270 -0531 – tel.
(866) 306 -1477 – fax.
sbhagia@bhagialawfirm.com

*/s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**